Filed 3/24/26  Mood v. City of Newport Beach CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| IVIN MOOD,<br><br>    Plaintiff and Appellant,<br><br>       v.<br><br>CITY OF NEWPORT BEACH et al.,<br><br>    Defendants and Respondents. | G065167<br><br>(Super. Ct. No. 30-2023-01332356)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Andre De La Cruz, Judge. Affirmed.

Ivin Mood, in pro. per., for Plaintiff and Appellant.

Jones Mayer, Scott Wm. Davenport and Bruce C. Gridley for Defendant and Respondent City of Costa Mesa.

KER Legal Group, Keith E. Rodenhuis and Rodger S. Greiner for Defendant and Respondent City of Newport Beach.

Plaintiff, a self-represented party, appeals from an order issued by the trial court on January 6, 2025 denying two motions filed by plaintiff.[1] Plaintiff has failed to show any error by the trial court, and we see none.

We affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff filed his complaint in the underlying action on June 23, 2023. On January 6, 2025, the trial court issued a minute order denying two motions by plaintiff. Plaintiff did not appear at the hearing on the motions. The first motion was entitled "Plaintiff's Petition to Amend Motion for Fraud on the Court Under Rule 60, with Motion for Nonsuit Under Cal. Civ. Proc. Section 581c" (Motion to Amend), pursuant to which plaintiff sought to "amend[] his errant motion for (PLD-C-001) fraud on the court, under Rule 60, while the court makes its determination to transfer the case to the appellate court, where the petition may also be transferred." The court denied the motion on the grounds it was unclear what relief plaintiff was seeking, the motion was unsupported by legal authority and argument, there had been no jury trial that would make a motion for nonsuit applicable, and to the extent plaintiff was seeking reconsideration of an earlier ruling by the trial court, the motion did not satisfy the requirements of Code of Civil Procedure section 1008.

The second motion filed by plaintiff was to set aside a default judgment entered on January 22, 2024, as void and improperly entered

---

[1] This is the third appeal filed by plaintiff in this case. This court dismissed as untimely plaintiff's first appeal (case No. G064488) on November 4, 2024. Plaintiff filed a notice of abandonment of his second appeal (case No. G064991) on January 30, 2025, but on the same day, filed the notice of appeal that is the subject of this current appeal.

(Motion to Set Aside). The court denied the motion on the grounds that no default judgment had been entered in the underlying action and plaintiff had acknowledged in the motion that he had inadvertently filed the motion in the trial court when it was intended for this appellate court.

Plaintiff's notice of appeal is directed only to the January 6, 2025 order denying these two motions.

DISCUSSION

Our analysis begins with the fundamental principle of appellate procedure that "'[a] judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) In other words, "the burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the judgment [or order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) If the appellate record is inadequate to allow us to conduct a meaningful review, the order must be affirmed. (*Ibid.*) "'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Ibid.*)

Plaintiff has failed to show he is entitled to any relief on appeal. The appellate record is inadequate to enable us to conduct any meaningful review of the January 6, 2025 order. The record includes a motion filed by plaintiff on November 8, 2024, that is entitled "Motion in Support of Judgment Void on its Face Subject to be Set Aside under CCP Section 473.5." (Some capitalization omitted.) It refers to a default judgment of January 29,

3

2024.[2] The record does not include the Motion to Amend; nor does it include any opposition papers relating to either motion that was the subject of the January 6, 2025 order. The record also includes two motions filed *after* issuance of the January 6, 2025 order. As a self-represented litigant, plaintiff is not excused from complying with the rules. He is "entitled to the same, but no greater, rights than [a] represented litigant[] and [is] presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

In addition to providing an inadequate record on appeal, plaintiff's appellate briefing is incomprehensible and goes well beyond the January 6, 2025 order appealed from, including argument about the merits of his case against defendants, actions by this court in one or both of the other appeals filed by plaintiff, and other rulings by the trial court that are not the subject of the January 6, 2025 minute order. "Appellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.'" (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' argument for them. [Citation.] The absence of

---

[2] We assume this is the Motion to Set Aside. In its order denying the Motion to Set Aside, however, the trial court indicates plaintiff was moving to set aside a default judgment "of January 22, 2024." We were unable to locate another motion in the record that was filed prior to January 6, 2025 (the date of the court's minute order that is the subject of this appeal) that sought to set aside a default judgment entered on January 22, 2024. That date discrepancy does not affect our decision because the register of actions does not show default judgment was ever entered in the underlying action—including on either January 22, 2024, or January 29, 2024—and it appears the underlying action is still pending.

cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) The deficiencies in plaintiff's appellate briefing are far from technicalities. We are left (as the trial court was) without a basis to understand, much less resolve, any appellate contention he may have wanted to present.

Finally, we have reviewed the face of the January 6, 2025 order and see no error apparent from it. The trial court explained in detail the reason for its ruling. At a minimum, the order shows it was entirely unclear what relief plaintiff was seeking and that plaintiff had failed to show the entitlement to any relief based on the motions that were before the court. We find no error in either conclusion.

## DISPOSITION

The order is affirmed. Respondents shall recover costs on appeal.

GOODING, J.

WE CONCUR:

DELANEY, ACTING P. J.

SCOTT, J.

5